**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

        5:26-cr-00112 (BKS)

v.

LUCAS THOMAS PEREIRA,

        Defendant.

---

**Appearances:**

*For the United States of America:*
Kevin Cheung
Assistant United States Attorney
Office of the United States Attorney
15 Henry Street, Room 304
Binghamton, New York 13901

*For Defendant Lucas Thomas Pereira:*
Eric Schillinger
Federal Public Defender
Courtenay McKeon
Assistant Federal Public Defender
Office of the Federal Public Defender
4 Clinton Square, 3rd Floor
Syracuse, New York 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

I.      **INTRODUCTION**

On February 19, 2026, Defendant Lucas Thomas Pereira was charged in a criminal

complaint with eluding examination or inspection by immigration officers, in violation of 8

U.S.C. § 1325(a)(2). *See United States v. Pereira*, No. 26-mj-00039, Dkt. No. 1 (N.D.N.Y. Feb.

19, 2026). As Defendant was charged with a petty offense, the matter was presided over by

United States Magistrate Judge Miroslav Lovric. Fed. R. Crim. P. 58. On February 20, 2026, during an initial appearance, the Government moved for detention and Magistrate Judge Lovric scheduled a detention hearing for February 25, 2026. Pereira, Dkt. No. 3. The detention hearing was continued throughout the underlying proceedings. *Id.* Dkt. Nos. 9, 13. Defendant filed a motion to dismiss the complaint on March 13, 2026. (Dkt. No. 14). The Government opposed the motion. (Dkt. No. 17).  On April 2, 2026, Magistrate Judge Lovric granted Defendant's motion to dismiss the criminal complaint as barred by the statute of limitations, entered Judgment dismissing the criminal complaint, and declared the detention hearing moot. *Id.*, Dkt. Nos. 18, 19; *see also id.* Minute Entry (Apr. 2, 2026). The Government appealed pursuant to Fed. R. Crim. P. 58(g)(2). *Id.* Dkt. No. 20. Presently before the Court is the Government's motion for an immediate stay of Judgment and an order directing that Defendant remain in the custody of the United States Marshals Service pending appeal. (Dkt. No. 2; Dkt. No. 2-2). Defendant opposes the Government's motion. (Dkt. No. 3). For the reasons that follow, the Government's motion is denied.

## II.     FACTS

According to the affidavit in support of the criminal complaint, on February 18, 2026, Border Patrol Agents encountered Defendant during a traffic stop in Black River, New York, "located approximately 35 driving miles from the U.S. Canadian border." *Pereira*, Dkt. No. 1, at 2–3. Defendant admitted to the agents that he was a citizen of Brazil, that he did not have permission to enter the United States, that he entered the United States "by crossing the southern border in 2016 and was not inspected or examined by immigration officer." *Id.* Dkt. No. 1, at 3.

2

## III.    DISCUSSION

### A.    Legal Standard

In determining whether to exercise its discretion and stay the Judgment and Defendant's release, the Court considers: "(1) whether [the government] has made a strong showing that [it] is likely to succeed on the merits; (2) whether [the government] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure [the defendant] . . . .; and (4) where the public interest lies." *Hassoun v. Searls*, 968 F.3d 190, 195 (2d Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

### B.    Analysis

#### 1.    Likelihood of Success

Here, the Government has failed to show a likelihood of success on its argument that the complaint charging Defendant with "elud[ing] examination or inspection by immigration officers," in violation of 8 U.S.C. § 1325(a)(2),[1] based on his 2016 entry without examination or inspection and "continued unlawful presence," (Dkt. No. 2-1, at 3), is a continuing offense and is not barred by the five-year statute of limitations. 18 U.S.C. § 3282(a). In support of its argument, the Government cites *United States v. Espinoza-Cabrera*, 25-mj-0365 (GLF), Dkt. No. 17 (N.D.N.Y. Dec. 10, 2025). There, United States Magistrate Judge Gary L. Favro, rejected the defendant's statute of limitations argument, finding that § 1325(a)(2) is a continuing offense that "occurs each and every day when a person who has entered the country illegally fails to submit

---

[1] The statute provides in relevant part:

> Any alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact, shall, [be guilty of such offense].

8 U.S.C. § 1325(a).

to inspection or examination by immigration officials." *Id.* Dkt. No. 17, at 2. Although *Espinoza-Cabrera* supports the Government's interpretation of Section 1325(a)(2) as a continuing offense, because the decision itself cites no case law and the existing authority on the issue holds otherwise, the Court does not find it persuasive. Indeed, the Fourth and Ninth Circuit have issued rulings that reject or largely undermine the Government's arguments. In *United States v. Cavillo-Rojas*, 510 F. App'x 238, 249 (4th Cir. 2013), the Fourth Circuit vacated the defendant's conviction as barred by the statute of limitations. *See id.* (holding that "a § 1325(a) offense is completed at the time of the defendant's illegal entry, and the statute of limitations begins running at that point"). And in *United States v. Rincon-Jimenez*, 595 F.2d 1192, 1193 (9th Cir. 1979), the Ninth Circuit rejected the argument that 8 U.S.C. § 1352(a)(2) is a "continuing offense" that tolls the statute of limitations "so long as [the defendant] remains in this country." *See also United States v. Corrales-Vazquez*, 931 F.3d 944, 948, 954 (9th Cir. 2019) (holding "that to 'elude[ ] examination or inspection by immigration officers' in violation of § 1325(a)(2), the alien's conduct must occur at a designated port of entry that is open for inspection and examination" and rejecting the government's argument that such violation occurs "even if the alien crosses miles away from any place where those processes occur" (quoting 8 U.S.C. § 1325(a)(2)).

As to the Government's argument that this rase raises a serious legal question, the only cases it cites are the defendants' appeals to the district court in *Espinoza-Cabrera*. (Dkt. No. 2-1, at 6 (citing Case Nos. 26-cr-061 (AMN); 26-cr-062 (AMN)). Moreover, the Government's argument is undermined by the caselaw on this issue, which seems to conform to the interpretations of the Fourth and Ninth Circuits. *See*, *e.g.*, *United States v. Vega*, No. 25-mj-00399, 2025 WL 3558747, at *1, 2025 U.S. Dist. LEXIS 257273, at *3 (D. Me. Dec. 12, 2025)

(rejecting the government's argument "that the obligation to submit to inspection and examination is ongoing and, therefore, the violation of § 1325(a)(2) continues each moment a noncitizen remains in the country without submitting to inspection and examination"); *United States v. Cuadra Soto*, No. 25-mj-3267, 2026 WL 123220, at *7, 2026 U.S. Dist. LEXIS 8740, at *17 (D. Neb. Jan. 16, 2026) (finding 8 U.S.C. § 1325(a) does "not support finding an alien is subject to an ongoing, continuing obligation to report for immigration inspection pursuant to section 1325 after they illegally enter the country").

### 2.    Irreparable Harm

The Government asserts it will be irreparably harmed because the defendant will likely be released from criminal custody to ICE and likely be deported before the appeal can be adjudicated "effectively avoiding any punishment for his crime." (Dkt. No. 2-1, at 3). The Government also argues that there is a serious risk that Defendant would flee if released. (Dkt. No. 2-1, at 7). In support of its assertion of per se irreparable harm, the Government cites a civil immigration case from the Western District of Texas, (Dkt. No. 2-1, at 7 (citing *United States v. Texas*, 557 F. Supp. 3d 810, 821 (W.D. Tex. 2021)), but no other caselaw. And, as set forth above, the Government has not provided any persuasive caselaw in support of its position that eluding inspection in violation of 8 U.S.C. § 1325(a)(2) is a continuing offense. Thus, the Court concludes it has not shown irreparable harm.

### 3.    Injury to Defendant

The Government asserts any harm to Defendant "will be minor" because he will be released to ICE custody pursuant to a detainer and therefore will "not be at his liberty" in any event. (Dkt. No. 2-1, at 7). Again, the Government cites no caselaw that would support the proposition that any harm under these circumstances may be characterized as "minor."

### 4.    Public Interest

As to the fourth factor, the Government contends that because it would be irreparably harmed (second factor), the public interest "necessarily weighs in favor of a stay." (Dkt. No. 2-1, at 7). However, as the Government has not established irreparable harm, has not cited any other basis for finding the public interest would support a stay in this case, it fails to satisfy the fourth factor. *See*, *e.g.*, *In re All Funds in Accts. in Names Registry Pub., Inc.*, 58 F.3d 855, 856 (2d Cir. 1995) ("The government's papers offer little in the way of a coherent explanation for what is at best a borderline prosecution. Given the absence of such an explanation and the substantial chance of even a lack of probable cause, we view the public interest as weighing against the government.").

Accordingly, having considered the relevant factors and having concluded that the Government has failed to show that any of the four factors weigh in favor of a stay, the Court, in its discretion, denies the Government's motion for a stay.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Government's motion for a stay (Dkt. No. 2) is **DENIED**; and it is further

**ORDERED** that the Government shall file a brief in support of its appeal by April 24, 2026, that Defendant shall file any brief in opposition by May 8, 2026, and any reply shall be filed by May 15, 2026.

**IT IS SO ORDERED.**

Dated: April 3, 2026
          Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

6